UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CASE NO. 5:23-CV-270-KKC

BETTY SUEDMEIER, by CAROL
KIRBY as her Power of Attorney,                                                        PLAINTIFF,

v.                                    **OPINION AND ORDER**

VANDERBILT MORTGAGE &
FINANCE, INC. and TODD
MCCARTY, individually and
d/b/a WHOLESALE HOUSING,                                                        DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on a motion to dismiss (DE 4) filed by Defendant
Vanderbilt Mortgage & Finance, Inc. and a motion to strike (DE 7) filed by Plaintiff Betty
Suedmeier, by Carol Kirby as her Power of Attorney. Now that both motions are ripe for
review, the Court will grant the motion to dismiss and deny the motion to strike.

I.     **FACTUAL ALLEGATIONS.**

On August 25, 2008, Betty Suedmeier ("Suedmeier") entered into a contract to purchase
a manufactured home from Defendant Todd McCarty ("McCarty") for $27,000. The Broker
Agreement detailing this transaction was signed by Suedmeier and McCarty, who represented
himself as Wholesale Housing. Suedmeier later paid the $27,000 purchase price, but McCarty
failed to deliver the home. She asserts that McCarty held himself out as a broker and agent for
Vanderbilt Mortgage & Finance, Inc. ("VMF"), and that a VMF employee "vouched for
[McCarty]" before she executed the contract for the home. (DE 5 at 2.)

Fifteen years later, Suedmeier brought this breach of contract claim against VMF and
McCarty. She claims that the defendants breached the contract when they failed to provide the
manufactured home after she tendered the purchase price to McCarty. Now, VMF moves the

1

Court to dismiss this action on the grounds that: (1) VMF made no promises to Suedmeier; (2) VMF has no contract with Suedmeier; and (3) VMF was not a party to the Broker Agreement made between McCarty and Suedmeier. Accordingly, VMF argues that the action must be dismissed because Suedmeier has not brought a recoverable claim.

## II.   ANALYSIS.

### A.   Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

VMF argues that it is not a party to the Broker Agreement and is not bound by the obligations owed to Suedmeier under its terms. To prove a breach of contract, the plaintiff must establish three things: (1) the existence of a contract; (2) the breach of that contract; and (3) damages flowing from the breach of contract. *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009) (citing *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. Ct. App. 2007)). "[T]he obligations arising out of a contract are due only to

those with whom it is made[.]" *Phoenix Am. Adm'rs, LLC v. Lee*, 670 S.W.3d 832, 838 (Ky. 2023). Further, "[w]here the contract's language is clear and unambiguous, the agreement is to be given effect according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Vorherr v. Coldiron*, 525 S.W.3d 532, 543 (Ky. Ct. App. 2017).

The plain language of the Broker Agreement shows that VMF was not a party to this contract between McCarty and Suedmeier. (DE 1-1 at 9.) The Broker Agreement lists "Wholesale Housing (Todd McCarty)" as the seller and "Betty Suedmeier" as the buyer in the first paragraph. (*Id.*) Further, the contract specifies that the home in question has "been repossessed *by the broker*" and that the broker "is neither the manufacturer *nor a distributor of, nor a dealer or merchant* in the Property." (*Id.*) It notes that the broker specified that the home was "free of liens/claims[.]" (*Id.*) In other words, the Broker Agreement's plain language makes it clear that the contract was between Suedmeier and McCarty alone given that it indicates that he had sole ownership and possession of the home. That is corroborated by Suedmeier and McCarty being the only people to sign the contract.

The only reference to VMF in the printed language of the Broker Agreement is at the bottom of McCarty's information. It lists a phone number for "Vanderbilt" and an extension to Scott Davis, which Suedmeier claims approved the contract on VMF's behalf. (*Id.*) This one line is not enough to interpret the contract as binding VMF to the terms of the contract. As previously discussed, the plain language of the Broker Agreement contradicts the very idea that VMF is a party to the contract. The language holds McCarty out to be the sole owner of the home and the only person with the authority to sell it. VMF is not mentioned anywhere in the Broker Agreement aside from the phone number at the bottom of the contract. It does not specify that, in reality, VMF owned the home, nor that McCarty was operating as VMF's agent. To find that VMF is bound by this contract would be contrary to its express terms.

Regardless, Suedmeier argues that VMF should be bound by the contract under three different theories: (1) ratification; (2) promissory estoppel; and (3) the third-party beneficiary doctrine. (DE 5 at 6-8.) None of these theories, however, are applicable in this matter.

While a contract can be ratified through a principal's subsequent approval of an agent's agreement, such ratification cannot be found here. "Under Kentucky law, a principal who was not a party to an agreement may become bound by its terms if it later adopts and affirms the agreement and the agent initially entered the agreement on behalf of the principal." *Britt v. University of Louisville*, 628 S.W.3d 1, 6 (Ky. 2021). Here, it's clear based on the plain language of the Broker Agreement that McCarty was not acting as an agent or executing the contract on behalf of the principal. Based on the record, he executed the Broker Agreement to trick Suedmeier into providing him with $27,000 for a manufactured home that he did not own or have the right to sell, only to immediately pocket the purchase price. The contract cannot be ratified because McCarty was not acting as VMF's agent in this case.

Promissory estoppel does not apply to these facts either. This doctrine states that: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only be enforcement of the promise." *Sawyer v. Mills*, 295 S.W.3d 79, 89 (Ky. 2009) (quoting *Meade Constr. Co. v. Mansfield Commercial Elec., Inc.*, 579 S.W.2d 105, 106 (Ky. 1979)). "Promissory estoppel can be invoked when a party reasonably relies on a statement of another and materially changes his position in reliance on the statement." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 642 (Ky. Ct. App. 2003). The Court cannot find that there was reasonable reliance in this case because the plain language of the Broker Agreement is unambiguous.

Even if the Court takes the plaintiff's allegations of VMF employee Scott Davis encouraging the transaction as true, the Broker Agreement is unambiguous in that it binds

"Wholesale Housing (Todd McCarty)" and "Betty Suedmeier" to its terms. The contract does not indicate that McCarty is operating under VMF in any capacity. In fact, it specifies that McCarty possessed the home and had the authority to sell it to Suedmeier. It would not be in the interest of justice to hold VMF to a contract created by an apparent fraudster, especially when the contract does not indicate that it was a party to the contract or had any involvement in the ownership or possession of the home in question.

Finally, the plaintiff's argument that the third-party beneficiary doctrine establishes privity in this case similarly fails to pass muster. Suedmeier points to *Phoenix Am. Admins., LLC v. Lee*, 670 S.W.3d 832 (Ky. 2023), to argue that VMF is bound by the Broker Agreement but fails to expound on this alleged similarity of facts. "Generally, only a party to a contract may bring an action to enforce a contract made for its 'actual and direct' benefit." *Louisville Gas & Elec. Co. v. Continental Field Sys., Inc.*, 420 F.Supp.2d 764, 770 (W.D. Ky. Mar. 17, 2005) (citing *Sexton v. Taylor County*, 692 S.W.2d 808, 810 (Ky. Ct. App. 1985)). These "intended beneficiaries" are able to enforce these contracts in order to gain the contractual benefit intended for them. However, VMF correctly notes that this doctrine is a one-way street. Suedmeier has provided no authority that suggests that a party can enforce a contract *against* an intended beneficiary.

Further, for reasons previously stated, it would be difficult to classify VMF as an intended beneficiary in this case. The plain language of the Broker Agreement stands— McCarty represented himself has the sole owner of the home and made no mention of VMF aside from a singular phone number. Accordingly, the Court finds that VMF was not a party to the Broker Agreement and cannot be bound by its terms. The plaintiff's breach of contract claim cannot survive the motion to dismiss.

### B.   Motion to Strike

Additionally, Suedmeier moved the Court to strike VMF's reply to the motion to dismiss

or, in the alternative, to allow her to file a sur-reply. (DE 7-1 at 1.) She argues that, in its reply, VMF makes "a completely new argument" that McCarty "[was] not an employee or agent of [VMF]" while directing the Court to a previous legal action between VMF and McCarty. (*Id.* at 2.) This allegation is somewhat disingenuous given that VMF was responding to an assertion littered throughout Suedmeier's argument.

VMF correctly notes that an underpinning of Suedmeier's breach of contract claim is the assertion that McCarty was officially affiliated with VMF. (DE 5 at 2-3, 5-6 (describing McCarty as VMF's agent and broker).) VMF was simply responding to the arguments that *Suedmeier* raised in her response to the motion to dismiss. Even if the Court had the power to strike material outside of the pleadings, it would not be appropriate here. Suedmeier is not entitled to respond to an argument that she invoked in the first place. Accordingly, the Court denies her motion to strike VMF's reply.

### III.   CONCLUSION.

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) Suedmeier's motion to strike (DE 7) is DENIED;

2) VMF's motion to dismiss (DE 4)  is GRANTED;

3) VMF is DISMISSED as a party in this action; and

4) There is no evidence in the record that Todd McCarty has been served a copy of the complaint, nor has he filed an answer in the record. Pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety (90) days of the filing of the complaint, the Court must dismiss the action against that defendant without prejudice or order that service be made within a specified time. Accordingly, within thirty (30) days of the entry of this order, the plaintiff MUST FILE evidence that she has served the complaint on the remaining defendant or a motion for an extension of time on grounds of good cause. If the

plaintiff fails to comply with this order, the Court will dismiss this action in its entirety.

This 17th day of May, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY